IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Raymond Edward Chestnut, ) | |
| ) | Criminal No.: 4:05-cr-1044-RBH |
| Petitioner, ) | Civil No.: 4:14-cv-03540-RBH |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

This matter comes before the Court upon the *pro se* motion of the petitioner, Raymond Edward Chestnut, pursuant to 28 U.S.C. § 2255, filed on August 30, 2014 [ECF No. 459][1]. Also before the Court are Petitioner's Motion to Reopen or Amend First Motion Under 28 U.S.C. 2255 (Doc. 183) [ECF No. 416] and Petitioner's Motion for an Order to Re-file Amended 28 U.S.C. 2255 Motion [ECF No. 435].

**Current Section 2255 Petition [ECF No. 459]**

In his petition, he asserts that the Court "erred in relying on AHAN conviction to classify Defendant as a career offender" based on *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013). The Court has preliminarily reviewed the petition pursuant to Rule 4 of the Rules for Section 2255 Cases and determined that the government should not be required to file an answer. ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving

---

[1] The filing date is governed by *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

1

party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.")

The petitioner previously filed a 28 U.S.C. § 2255 motion on September 16, 2011 in which he alleged, *inter alia*, ineffective assistance of counsel in connection with his career offender enhancement. By Order dated February 27, 2012, this Court granted the respondent's motion to dismiss on the basis of timeliness and dismissed the petition with prejudice. On April 17, 2012, Petitioner filed a second petition pursuant to 28 U.S.C. 2255, on the basis of *United States v. Thompson*, 2011 U.S. Dist. Lexis 118149 (W.D.N.C. 2011), asserting that his "South Carolina conviction for possession of crack cocaine is not considered a felony drug conviction for 21 U.S.C. 851 purposes". (ECF No. 258). This Court dismissed the petition without prejudice as successive on May 10, 2012 (ECF No. 264). On June 11, 2012, the Fourth Circuit denied the petitioner's request for an order authorizing the district court to consider a second or successive 2255 petition. The Section 2255 petition now before the Court is thus the petitioner's third Section 2255 petition. Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive.[2] "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate

---

[2] In his cover letter enclosing this Section 2255 petition, Mr. Chestnut asserts that his motion should not be considered successive, "as the issue raised . . . could not have been properly raised in any previous Section 2255 due to the fact settled law changed since the time of filing the initial Section 2255." (ECF No. 459-2, p. 2) He cites *Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009) and *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) in support of his argument. These cases recognize that the phrase "second or successive" used in 28 U.S.C. Section 2255(h) "does not refer to all habeas applications filed second or successively in time." *Stewart*, 646 F.3d at 859. However, "if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive, even if the legal basis for the attack was not." *Id*. at 861, citing *Garcia*, 573 F.3d at 222. Here, the legal basis for the attack on his sentence may not have been present at the time of the prior petition, but the purported defect of counting the AHAN conviction as a predicate offense for career offender purposes was present. Therefore, this petition is successive.

2

court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); *see also* 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]").  In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255.  See *Winestock*, 340 F.3d at 205. The docket does not reflect any such authorization. The court dismisses the Section 2255 petition (ECF No. 459) without prejudice to allow the petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. § 2255.  Petitioner's [460] Motion to Proceed IFP is granted.

**Motion to Reopen or Amend First Section 2255 Petition [ECF No. 416]**

Petitioner moves to "reopen or amend" his first Section 2255 petition filed on September 14, 2011.  (ECF No. 183) In that petition he challenged, *inter alia*, his classification at sentencing as a career offender and also alleged ineffective assistance of counsel in reference to his career offender status.  The Court dismissed the petition as untimely under the AEDPA statute of limitations, 28 U.S.C. § 2255(f), and found that equitable tolling did not apply.  Now, Petitioner requests that the Section 2255 petition be reopened or amended on the basis of case law decided after this Court dismissed the case. Those cases are *Hemingway v. United States*, 734 F.3d 323 (4th Cir. 2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013).  First, the Court denies the petitioner's request to reopen the prior judgment.  Fed. R. Civ. P. 60(b) does not allow a district court to reconsider claims already decided by the court. *CNF Constructors, Inc. v. Donohue Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995).  Also, the Rule 60 motion is, "in substance, a . . . habeas corpus motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000).  *See United States v. Winestock*, 340 200, 206 (4th Cir. 2003)." *United States v. Graham*, 81 Fed. Appx. 472, No. 03-6949, (Dec. 1, 2003 4th Cir.).

3

Even if the original Section 2255 petition was reopened, the motion to amend would be denied as futile as barred by the statute of limitations. *See United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000). While Section 2255(f)(3) provides that a petitioner may timely file a Section 2255 petition within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review, this is not what occurred in this case. The *Hemingway* case is a Fourth Circuit and not a United States Supreme Court case. *Descamps* is a Supreme Court case, but it has not been made retroactive. *See, e.g., Whittaker v. Chandler*, 574 F. App'x 448 (5th Cir. 2014) (per curiam) (unpublished); *United States v. Montes*, 570 F. App'x 830 (10th Cir. 2014). Even if *Descamps* was retroactive, Petitioner filed this motion more than a year after the Supreme Court decided the case.

Therefore, the petitioner's [416] motion to reopen or amend is denied.

**Motion for Order to Re-file Amended 28 U.S.C. 2255 Motion [ECF No. 435]**

In this motion, Petitioner asserts that he provided prison officials with an amended section 2255 petition on February 1, 2012 for forwarding to the Court but that the Court never received it. Petitioner attaches a supporting affidavit by himself but does not attach the alleged amended petition. Petitioner appears to be claiming that he attempted to mail the Court an amendment to his first 2255 petition on February 1, 2012, before the Court issued its order dismissing the petition on February 27, 2012. This allegation seems unlikely, as the petitioner fails to explain why he waited until 2014 (ECF No. 428) to inquire about the amended petition that he had allegedly sent in 2012. Additionally, although the petitioner does not indicate the content of the alleged amendment, it would most likely have been futile as untimely. Nevertheless, permission of the Court would have been required for an amendment at that stage of the case under Fed. R. Civ. P. 15 because the government had already filed a motion to dismiss

4

and would undoubtedly have asserted prejudice from an amendment at that late stage in the case. For all of the above reasons, the motion to re-file is denied.

**Certificate of Appealability**. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 13, 2015